IN THE UNITED STATES DISTRICT COURT
FOR THE HATO REY DISTRICT OF PUERTO RICO
DIVISION

JOSE A. ROBLES-RODRIGUEZ
 Movant,

vs.        CRIM NO. 97-00074 (DRD)

UNITED STATES OF AMERICA
 Respondent.

MOTION TO REDUCE SENTENCE PURSUANT TO 18 U.S.C.
§ 3582(c)(2)

  COMES NOW INTO COURT, Jose Rodriguez Movant, by and through pro se representation and moves this Court for reduction of Movant's sentence pursuant to 18 U.S.C. § 3582(c)(2). Movant ask that this Honorable Court give retroactive application to Crack Cocaine Amendment  706  under U.S.S.G. § 1B1.10(c). Movant respectfully directs this court's attention to the Memorandum in Support of the instant motion and for reasons set forth therein, the Movant respectfully request that this Court grant his motion and reduce his sentence from 212 months to 168 months.

Done this  3rd  day of March 2008.

            Respectfully submitted,

            *Jose A. Robles*
            Jose A. Robles-Rodrguez 11607-069
            P.O. Box 5000
            Oakdale, La 71463

UNITED STATES DISTRICT COURT
FOR THE HATO REY DISTRICT OF PUERTO RICO
DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Respondent,<br><br>vs.<br><br>JOSE A. ROBLES-RODRIGUEZ,<br>Movant. | CRIM. NO. 97-00074 (DRD) |

MEMORANDUM OF LAW IN SUPPORT OF MOTION TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2) RETROACTIVE AMENDMENT 706 CRACK COCAINE AMENDMENT EFFECTIVE MARCH 3, 2008

COMES NOW INTO COURT, Jose Rodriguez, a pro se Movant, by and through pro se representation and respectfully request that this Honorable Court would reduce the Movant's sentence pursuant to Title 18 3582 (C)(2). Movant would ask that this Court give retroactive effect to this Amendment 706 and reduce Movant's sentence from 212 months or his immediate release or in the alternative 168 months sentence.

The District Court makes two determinations in deciding whether or not to modify a sentence under 18 U.S.C. § 3582 (C)(2). Under the first step, the sentencing Court considers what sentence it would have imposed had the retroactive amendment been in effect at the time the defendant was sentenced. U.S.S. 1B1.10. The

District Court determines what sentence it would have imposed had the new sentencing range been the range at the time of the original sentencing, leaving untouched all other previous factual decisions concerning particularized sentencing factors. See United States v. Wyatt, 115 F.3d 606, 609 (8th Cir. 1997). Such factors include, inter alia, role in the offense, obstruction of Justice, victim adjustments, more than minimal planning, and acceptance of responsibility. Id.

In this particular case, the Sentencing Court sentenced Movant based on level 35 with sentencing range of 188 to 235, category II . This was derived after -3 point for acceptance of responsibility and adding 2 points for being on probation while commiting the instant offense and a minor misdemeanor. Accordingly, based upon the Guideline Amendment relating to Crack Cocaine the district court should drop down 2 levels at level 33, category II. and senence Movant to the bottom of the guidelines as he has discretion to do, to 168 months had the Amendment been in effect abinitio. Here the relevant consecutive guideline sentence would be 168 months as opposed to pre-Amendment 2 12 months.

Having established the applicable Amendment guideline range, the Court next considers the factors contained in 18 U.S.C. § 3553 and in exercise of its thus informed discretion, decide whether or not to modify the original sentence previously imposed. **Wyatt, 115 F.3d at 609, 18 U.S.C. § (c)(2).** The factors set forth are the folowing: (1) the naure and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed; (3) the ...

2

kinds of sentences available; (4) the applicable sentencing range under the Guidelines; and (5) any pertinent Sentencing Commission Policy Statement; (6) the need to avoid unwarranted sentence disparities among defendants; and (7) the need to provide restitutions to victims U.S.S.G. § 3553(a). put more succinctly, the minimally sufficient to satisfy concerns of retribution, general deterrence, specific deterrence and rehabilitation.

Pursuant to the new crack cocaine Amendment Petitioner avers this Court should sentence him to the Bottom of the Guidelines at minimum and this Court could determine the 100:1 Ration disparity in Crack and Powder Cocaine warrants an additional departure. See U.S. Sentencing Commission Report to Congress, "Cocaine and Federal Sentencing Policy" (May 2007) (http://www. USSC.gov/r congress/cocaine 2007.pdf.) (concluding in essence, according to Prof. Berman, "(1) The current quantity-based penalties overstate the relative harmfulness of crack cocaine compared to powder cocaine; (2) the current quantity-based penalty sweep too broadly and apply most often to lower level offenders; (3) the current quantity based penalties overstate the seriousness of most crack cocaine offenses and fail to provide adequate proportionality; (4) The current severity of crack cocaine

3

penalties mostly impact minorities; (5) Based on these findings, the Commission maintains its consistently held position that the 100 to 1 drug quantity ratio significantly undermines the various congressional objectives set forth in the Sentencing Reform Act"). See also, U.S. v. Pickett, 475 F.3d 1347 (D.C. Cir.)(2007) (120 month sentence vacated whether 100 to 1 ratio a mitigating factor under 18 U.S.C. 3553(a); U.S. v. Gunter 462 F.3d 237 (3rd Cir. 2006) and U.S. v. Fisher, 2005 WL 2542916 (S.D. N.Y. Oct. 11, 2005) (concluded 10 to 1 ratio sufficient punishment for crack cocaine).

The Supreme Court recently decided in **Kimbrough v. U.S. Case No. 06-6330 and Gall v. U.S. Case No. 06-7949.** In Kimbrough, the Supreme Court held, "district judges may consider the disparity between the guidelines treatment of crack and powder cocaine offenses" and downward depart to a sentence "not greater than necessary "to serve the objective of sentencing under 18 U.S.C. 3553. In **Gall**, the high Court held, a district court may calculate a reasonable sentence, not merely apply a guideline range and "extraoridinary circumstances need not be present to justify a downward departure. Based upon the Crack Statute for which Movant was sentenced, this court now has discretion to downward depart in Movant's overall sentence of both crack cocaine and marijuana.

4

It is well settled that a successful 3582 motion means having the district court impose a brand new sentence, and having Booker , applied. See United States v. Hicks, 472 F.3d 1167 (9th Cir. 2007), "because Booker means that mandatory guideline sentences can no longer exist in any context the Booker ruling and advisory guideline practice must apply to any new sentencing that results from a 3582 motion." See Hicks at 472 F.3d 1171-1177.

Petitioner avers that this court should sentence Petitioner to a non-guideline sentence and grant also his motion pursuant to Amendment 706 (Crack Cocaine) and downward depart at least two levels.

Wherefore, All Premises being considered, Petitioner respectfully request that this court grant his motion for sentence reduction pursuant to 18 U.S.C. 3582 due to the retroactive Amendment 706 and reduce his term of imprisonment.

Done this 3rd day of March 2008.

Respectfully submitted,

Mr. Jose Robles- Rodriguez
11607-069
P.O. Box 5000
Oakdale, La. 71463

5

## CERTIFICATE OF SERVICE

I, Jose Robles-Rodriguez, do hereby certify that a true and correct copy of the foregoing motion has been sent to:

>Mr. Jacabed Rodriguez-Coss
>Assistant U.S. Attorney
>Federal Office Bldg. Room 452
>150 Carlos Chardon Ave
>Hato Rey, Puerto Rico  00918

by U.S. Mail, postage prepaid and properly addixed thereto.

Done this 3rd day of March 2008.

*Jose A. Robles*
Jose A. Robles-Rodriquez
Reg. #11607-069
P.O. Box 5000
Oakdale, La. 71463